1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   WILLIAM YOUNG SUTHERLAND,

11              Plaintiff,              No. CIV S-09-2391 DAD P

12        vs.

13   S. HERRMANN, et al.,

14              Defendants.              ORDER

15   _____/

16        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17   U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915.

18   This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule

19   72-302 and 28 U.S.C. § 636(b)(1).

20        Plaintiff has submitted an in forma pauperis application that makes the showing

21   required by 28 U.S.C. § 1915(a).  Accordingly, plaintiff will be granted leave to proceed in forma

22   pauperis.

23        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  See

24   28 U.S.C. §§ 1914(a) & 1915(b)(1).  An initial partial filing fee of $3.33 will be assessed by this

25   order.  See 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate

26   agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to

1

the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  See 28 U.S.C. § 1915(b)(2).

## SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957).  However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."   Bell

2

1 <u>Atlantic</u>, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as

2 true the allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>,

3 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and

4 resolve all doubts in the plaintiff's favor.  <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

5     The Civil Rights Act under which this action was filed provides as follows:

6      Every person who, under color of [state law] . . . subjects, or causes
     to be subjected, any citizen of the United States . . . to the

7      deprivation of any rights, privileges, or immunities secured by the
     Constitution . . . shall be liable to the party injured in an action at

8      law, suit in equity, or other proper proceeding for redress.

9 42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

10 actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  <u>See</u>

11 <u>Monell v. Department of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362

12 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

13 meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

14 omits to perform an act which he is legally required to do that causes the deprivation of which

15 complaint is made."  <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

16     Moreover, supervisory personnel are generally not liable under § 1983 for the

17 actions of their employees under a theory of <u>respondeat</u> <u>superior</u> and, therefore, when a named

18 defendant holds a supervisorial position, the causal link between him and the claimed

19 constitutional violation must be specifically alleged.  <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862

20 (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978), <u>cert.</u> <u>denied</u>, 442 U.S.

21 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel

22 in civil rights violations are not sufficient.  <u>See</u> <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th

23 Cir. 1982).

24          **PLAINTIFF'S COMPLAINT**

25     In his complaint, plaintiff alleges that the defendants placed wrist restraints on

26 him "way too tight" during his transport from CSP-Sacramento to the U.C. Davis Medical

Center.  Plaintiff further alleges that he repeatedly complained about the restraints, but the defendants ignored his complaints.  Plaintiff asserts that he suffered extreme pain, swelling and numbness in his hands, and cuts on his wrists.  Plaintiff claims that the defendants violated his constitutional rights under the Cruel and Unusual Punishment Clause of Eighth Amendment and the Equal Protection Clause of the Fourteenth Amendment.  (Compl. at 4-6.)

**ANALYSIS**

The court finds that plaintiff's complaint appears to state a cognizable claim for excessive force under the Eighth Amendment.  See Whitley v. Albers, 475 U.S. 312, 319 (1986).  See also LaLonde v. County of Riverside, 204 F.3d 947, 960 (9th Cir. 2000) ("The issue of tight handcuffing is usually fact-specific and is likely to turn on the credibility of witnesses.").  If the allegations of the complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action.

However, the court also finds that plaintiff's complaint does not state a cognizable claim for equal protection under the Fourteenth Amendment.  The Equal Protection Clause "is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne, Tex. v. Cleburne Living Center, 473 U.S. 432, 439 (1985).  To state a viable claim under the Equal Protection Clause, however, a prisoner "must plead intentional unlawful discrimination or allege facts that are at least susceptible of an inference of discriminatory intent." Byrd v. Maricopa County Sheriff's Dep't, 565 F.3d 1205, 1212 (9th Cir. 2009) (quoting Monteiro v. Tempe Union High School District, 158 F.3d 1022, 1026 (9th Cir. 1998)).  In this case, plaintiff has failed to allege how the defendants treated him differently from similarly-situated inmates.  Likewise, plaintiff has failed to allege that defendants unlawfully discriminated against him based on a protected status.

Accordingly, the case will proceed on plaintiff's Eighth Amendment excessive force claims against defendants Herrmann, Spinks, Parmar, and Sicculna.

/////

4

**OTHER MATTERS**

Plaintiff has also requested appointment of counsel.  Plaintiff is advised that the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  In the present case, the court does not find the required exceptional circumstances.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's August 26, 2009 motion to proceed in forma pauperis (Doc. No. 2) is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee of $3.33.  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  Service of the complaint is appropriate for the following defendants: Herrmann, Spinks, Parmar, and Sicculna.

4.  The Clerk of the Court shall send plaintiff four USM-285 forms, one summons, an instruction sheet, and a copy of the complaint filed August 26, 2009.

1    5.  Within thirty days from the date of this order, plaintiff shall complete the

2 attached Notice of Submission of Documents and submit all of the following documents to the

3 court at the same time:

4    a.  The completed, signed Notice of Submission of Documents;

5    b.  One completed summons;

6    c.  One completed USM-285 form for each defendant listed in number 3

7    above; and

8    d.  Five copies of the complaint filed August 26, 2009.

9    6.  Plaintiff shall not attempt to effect service of the complaint on defendants or

10 request a waiver of service of summons from any defendant.  Upon receipt of the above-

11 described documents, the court will direct the United States Marshal to serve the above-named

12 defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

13    7.  Plaintiff's August 26, 2009 motion for appointment of counsel (Doc. No. 3) is

14 denied.

15 DATED: September 3, 2009.

16

17 

_____

18 DALE A. DROZD

UNITED STATES MAGISTRATE JUDGE

19 DAD:9
suth2391.1

20

21

22

23

24

25

26

1
2
3
4
5
6
7
8                       IN THE UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10   WILLIAM YOUNG SUTHERLAND,

11            Plaintiff,                    No. CIV S-09-2391 DAD P

12       vs.

13   S. HERRMANN, et al.,                  NOTICE OF SUBMISSION

14            Defendants.                  OF DOCUMENTS

15   _____/

16            Plaintiff hereby submits the following documents in compliance with the court's

17   order filed _____:

18            _____   one completed summons form;

19            _____   four completed USM-285 forms; and

20            _____   five true and exact copies of the complaint filed August 26, 2009.

21   DATED: _____.

22

23                                    _____

24                                    Plaintiff

25

26