IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WILLIAM YOUNG SUTHERLAND, | | |
| Plaintiff, | | No. CIV S-09-2391 WBS DAD P |
| vs. | | |
| S. HERRMANN, et al., | | <u>ORDER AND</u> |
| Defendants. | | <u>FINDINGS & RECOMMENDATIONS</u> |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. In his complaint, plaintiff alleges that the defendants' failure to adjust his handcuffs, which had been placed too tightly upon him, over a five hour period violated his rights under the Eighth Amendment. Plaintiff seeks monetary damages and injunctive relief.

Pending before the court is defendants' motion to dismiss filed on February 10, 2010. Therein, defendants argue that plaintiff failed to exhaust his available administrative remedies prior to filing this action. Plaintiff has opposed the motion, and defendants have filed a reply. For the reasons set forth below, the court will recommend that defendants' motion to dismiss be denied.

/////

**DEFENDANTS' MOTION TO DISMISS**

I. <u>Defendants' Motion</u>

Defendants argue that plaintiff submitted his administrative grievance regarding the overly tight handcuffs to the first level of administrative review, but failed to appeal an adverse decision on that grievance to the second and third levels of review. (<u>See</u> Mot. to Dismiss at 2.) In support of their argument, defendants have provided the court with the declarations of D. Foston, Chief of the Inmate Appeals Branch; G. Duran, Appeals Coordinator at Pleasant Valley State Prison; and A. Pereira, Appeals Coordinator at California State Prison, Sacramento. Each declarant states that they have conducted a grievance search in their respective databases and were unable to find any record of plaintiff's initial grievance (Log. No. SAC-08-00705) being appealed and decided at the second or third levels of review. (A. Pereira Decl. ¶5; D. Foston Decl. ¶¶ 3-5; G. Duran Decl. ¶ 5.)

II. <u>Plaintiff's Opposition</u>

In opposition to the pending motion to dismiss, plaintiff contends that he tried to exhaust his administrative remedies but his attempt at doing so was hindered by the misdirection and inaction of prison officials. Plaintiff explains that on March 12, 2008, he filed his grievance regarding the tight handcuffs at the first level of review. (Opp'n at 1.) Plaintiff notes that he did not receive a decision until August 1, 2008, 142 days after filing his grievance. (<u>Id.</u> at 2.) On the inmate appeal form that was eventually returned to him by prison officials, the second level review box was checked and signed indicating that the appeal had been denied at the second level of review, albeit with lines crossing out those entries to varying degrees. (<u>Id.</u>) Plaintiff argues that upon receiving this inmate appeal form following the lengthy delay, he was thus under the impression that his appeal had been fully reviewed at the first and second levels. (<u>Id.</u>) Plaintiff argues that because officials misled him to believe that he had already completed the second level of review, he filed his next appeal directly to the third level of review on August 6, 2008. (<u>Id.</u> at 3.)

On October 16, 2008, plaintiff received a third level of review response, explaining that his appeal was premature because he had not submitted an appeal to the second level of review. (Id.) Plaintiff contends that he took heed of this advice and filed his appeal at the second level of review on November 12, 2008. (Id.) However, according to plaintiff, he did not receive a response to his appeal thereafter, despite his repeated inquiries into its status. (See id. 3-4.) Plaintiff asserts that it is common for prison officials to delay, disregard, or even lose inmate grievances and appeals, suggesting that this is what occurred with respect to his appeal submitted to the second level of review. (Id. at 4, Ex. C.)

Finally, plaintiff contends that his placement in administrative confinement during the period of time in question added to the difficulty of exhausting his administrative remedies. Specifically, plaintiff argues that prison officials granted him access to the law library only six times during the 289 days he spent in administrative segregation. (Id. at 6.) Plaintiff also argues that he did not have access to his personal property while in administrative segregation. (Id.) According to plaintiff, he was thus unable to conduct sufficient research on the procedure to follow in filing a second level appeal. (Id. at 7.)

III. <u>Defendants' Reply</u>

In reply, defendants argue that plaintiff's argument fails to adequately explain why he failed to exhaust his available administrative remedies. While conceding that there was a delay in processing plaintiff's first level appeal, defendants argue that prison officials never told plaintiff that his appeal at the second level would be denied due to untimeliness. (Reply at 3.) According to defendants, just the opposite was true: defendants advised plaintiff on two different occasions that he should file an appeal at the second level of review. (Id.)

Defendants also challenge plaintiff's argument that he was misled into believing that a second level review had already occurred. (Id.) Defendants argue that any belief plaintiff had that his appeal form had completed the second level of review was unreasonable. (See id.) Defendants emphasize that the marks made in the second level review box were clearly made in

error and were conspicuously crossed out. (Id. at 3-4.)

Next, defendants contest plaintiff's claim that he filed a second level appeal on November 12, 2008. (Id. at 4.) Defendants assert that they have no record of this appeal, nor do they have any record of plaintiff's alleged inquires into the appeal. (Id.) Moreover, defendants argue that plaintiff has not submitted any evidence to the contrary. (Id.)

Finally, defendants assert that plaintiff's limited access to the law library and to his personal property did not impede his ability to exhaust his remedies. (Id.) In support of their argument, defendants note that while plaintiff was confined in administrative segregation, he filed and exhausted a separate grievance. (Id.) According to defendants, the exhaustion of this unrelated grievance demonstrates that plaintiff fully understood how to navigate the grievance appeals process. (See id.)

**ANALYSIS**

I. <u>Legal Standards Applicable to a Motion to Dismiss Pursuant to Non-Enumerated Rule 12(b)</u>

In 1995, Congress enacted the Prison Litigation Reform Act ("PLRA"), which amended 42 U.S.C. § 1997e to provide that: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

The United States Supreme Court has made it clear that the exhaustion of prison administrative procedures is mandatory, regardless of the relief offered through such procedures. Booth v. Churner, 532 U.S. 731, 741 (2001). The Supreme Court has also cautioned courts against reading futility or other exceptions into the statutory exhaustion requirement. Id. at 741 n.6. In addition, because proper exhaustion is necessary, a prisoner cannot satisfy the PLRA exhaustion requirement by filling an untimely or otherwise procedurally defective administrative

grievance or appeal. Woodford v. Ngo, 548 U.S. 81, 90-93 (2006).

In California, prisoners may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). Most such appeals progress from an informal review through three formal levels of review. See Cal. Code Regs. tit. 15, § 3084.5. A decision at the third formal level, also referred to as the director's level, is not appealable and will conclude a prisoner's administrative remedy. Cal. Code Regs. tit. 15, §§ 3084.1(a) & 3084.5(e)(2). A California prisoner is required, for exhaustion purposes, to submit an appeal at the appropriate level and proceed to the highest level of review available before filing suit. See Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir. 2005); see also Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002).

The PLRA exhaustion requirement is not jurisdictional, but rather creates an affirmative defense that a defendant may raise in a non-enumerated Rule 12(b) motion. See Jones v. Bock, 549 U.S. 199, 216 (2007) ("[I]nmates are not required to specially plead or demonstrate exhaustion in their complaints."); Wyatt v. Terhune, 315 F.3d 1108, 1117-19 (9th Cir. 2003). The defendants bear the burden of raising and proving the absence of exhaustion. Wyatt, 315 F.3d at 1119. "In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." Id. "I[f] the district court looks beyond the pleadings to a factual record in deciding the motion to dismiss for failure to exhaust–a procedure closely analogous to summary judgment–then the court must assure that [the prisoner] has fair notice of his opportunity to develop a record." Id. at 1120 n.14. When the district court concludes that the prisoner has not exhausted administrative remedies on a claim, "the proper remedy is dismissal of the claim without prejudice." Id. at 1120. See also Lira v. Herrera, 427 F.3d 1164, 1170 (9th Cir. 2005). On the other hand, "if a complaint contains both good and bad claims, the court proceeds with the good and leaves the bad." Jones, 549 U.S. at 221.

/////

II. Discussion

    A. Exhaustion

        Here, the record reflects that plaintiff failed to properly appeal his grievance at the third level of review. Defendants have obtained declarations from the relevant appeals coordinators asserting that there is no record of plaintiff properly appealing his grievance beyond the first level of review. (A. Pereira Decl. ¶5; D. Foston Decl. ¶¶ 3-5; G. Duran Decl. ¶ 5.) Moreover, plaintiff himself concedes that his grievance was never decided at the second or third level of review. (Opp'n at 3-4.) Accordingly, unless an exception to PLRA's exhaustion requirement applies, plaintiff's complaint should be dismissed. See Wyatt, 315 F.3d at 1120 ("A prisoner's concession to non-exhaustion is [grounds] for dismissal, so long as no exception to exhaustion applies.").

    B. Exceptions to Exhaustion

        In his opposition, plaintiff argues that an exception to exhaustion applies in this case because: (1) he lacked sufficient access to the law library and to his personal property; and (2) he diligently attempted to exhaust his administrative remedies but his efforts were hampered by the misdirection and inaction of prison officials.

        Plaintiff's argument that he should be excused for failing to exhaust because he lacked sufficient access to the law library and his personal property is unpersuasive. The inmate grievance and appeals forms are relatively simple documents that do not require legal research to complete. See e.g., Cohea v. Jones, No. CIV S-07-0694 FCD DAD P, 2008 WL 114956, at *5 (E.D. Cal. Jan. 11, 2008) (finding that the prisoner's failure to exhaust was not excused by his lack of access to legal materials). To properly file a second level appeal, plaintiff simply needed to complete Section F of his appeal form. Section F provides: "If dissatisfied [with the decision made at the first level of review], explain [your] reasons for requesting a Second-Level Review, and submit to Institution or Parole Appeals Coordinator within 15 days of receipt of response." In this regard, plaintiff fails to explain why he needed additional legal research to comply with

6

this rather straightforward process. Nor does he explain why access to his personal belongings was necessary to complete his appeal. Accordingly, the court finds that plaintiff should not be excused from his failure to exhaust due to his limited access to the law library and his personal belongings.

The court now turns to plaintiff's argument that he should be excused from his failure to exhaust because he diligently attempted to exhaust but was thwarted from doing so by the misdirection and inaction of prison officials. Recently, in Nunez v. Duncan, 591 F.3d 1217, 1224 (9th Cir. 2010), the Ninth Circuit Court of Appeals held that a prisoner's failure to exhaust may be excused when the prisoner "took reasonable and appropriate steps to exhaust . . . [but] was precluded from exhausting, not through his own fault but by [a prison official's] mistake." Id. at 1224. In other words, a prisoner cannot be faulted when he makes "every effort to make full use of the prison grievance process, but [is] stymied by the error" of prison officials. Id. at 1226. See also Ngo v. Woodford, 539 F.3d 1108, 1110 (9th Cir. 2008) (suggesting that a prisoner is excused from PLRA's exhaustion requirement when "prison officials obstruct[] his attempts to exhaust" or when "procedures for processing grievances weren't followed by prison officials").[1]

In this case, the court is confronted with two differing versions of events. On one hand, defendants concede that there were delays in processing plaintiff's grievance but argue that prison officials took several steps to preserve plaintiff's right to appeal at the second level of

---

[1] Other circuits have reached similar conclusions on this matter. See e.g., Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008) ("[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself to it."); Aquilar-Avellaveda v. Terrell, 478 F.3d 1223, 1225 (10th Cir. 2007) (suggesting that a defect in exhaustion is excused when a prisoner's failure to exhaust was due to the inaction of prison officials); Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006) (holding that administrative remedies are not "available" under the PLRA when prison staff fail to respond to a properly-filed grievance); Abbey v. McGinnis, 380 F.3d 663, 667 (2d Cir. 2004) ("[E]xhaustion may be achieved in situations where prison officials fail to timely advance the inmate's grievance or otherwise prevent him from [exhausting] his administrative remedies."); Foulk v. Charrier, 262 F.3d 687, 698 (8th Cir. 2001) (holding that the district court did not err in declining to dismiss for failure to exhaust when prison officials did not respond to the prisoner's grievance).

review. (Reply at 3.) According to defendants, plaintiff nonetheless failed to file an appeal at the second level of review. (Id.) In support of their argument, defendants have provided the sworn declarations of three appeals coordinators affirming that there is no record of plaintiff filing an appeal at the second level of review. (A. Pereira Decl. ¶5; G. Duran Decl. ¶ 5; D. Foston Decl. ¶¶ 3-5.) On the other hand, plaintiff argues that he did file an appeal at the second level of review on November 12, 2008.[2] (Opp'n at 3.) In addition, plaintiff asserts that he diligently attempted to inquire as to the status of his second level appeal. (Id. at 3-4.) In plaintiff's view, prison officials have either disregarded or lost his appeal at the second level of review. (See id. at 4, Ex. C.)

"Under these circumstances, in which the parties offer competing declarations setting forth differing versions of events, the court cannot make the necessary credibility determination to resolve the exhaustion issue on a motion to dismiss." Barretto v. Smith, No. CIV S-07-1544 FCD DAD P, 2009 WL 1271984, at *7 (E.D. Cal. Mar. 6, 2009). See also Roberts v. Salano, No. 1:08-cv-00162 LJO-GSA PC, 2009 WL 1514440, at *2 (E.D. Cal. May 27, 2009) ("While the Court may resolve disputed issues of fact on an unenumerated 12(b) motion, it cannot assess the credibility of the parties' differing versions of what occurred.") (citations omitted); see also Bradley v. McVay, No. 1:04-cv-06128-AWI DLB PC, 2008 WL 495732, at *3 (E.D. Cal. Feb. 21, 2008) (same). Accordingly, for this reason alone, defendants' motion to dismiss should be denied.

Moreover, to the extent that the court is able to harmonize the competing versions of the events, defendants' reliance on the declarations of the prison appeals coordinators appears to be misplaced. If prison staff have disregarded or lost plaintiff's appeal, as plaintiff claims, then there would be no record of plaintiff's appeal in the databases on which defendants rely.

---

[2] Plaintiff's opposition to the pending motion has been verified and must be treated as a declaration to the extent that it sets forth facts which are admissible and which are within plaintiff's personal knowledge. Johnson v. Meltzer, 134 F.3d 1398, 1399-1400 (9th Cir. 1998).

8

1  See Buchanan v. Santos, No. 1:08-cv-01174-AWI-GSA PC, 2010 WL 1267353, at *5 (E.D. Cal.
2  Mar. 31, 2010) ("[W]hile the absence of evidence that a grievance was officially filed may
3  indicate [that] Plaintiff never submitted the grievance, it may also indicate that the grievance was
4  discarded or ignored by staff, as Plaintiff contends."). In this regard, defendants have not
5  squarely refuted plaintiff's claim that he did in fact file an appeal on November 12, 2008. As
6  noted above, defendants carry the burden of raising and proving the affirmative defense of failure
7  to exhaust. See Jones, 549 U.S. at 216; Wyatt, 315 F.3d at 1119. Accordingly, for this reason as
8  well, defendants' motion to dismiss for failure to exhaust available administrative remedies
9  should be denied. See Nunez, 591 F.3d at 1226.

10  In sum, the court is unable to definitively conclude that plaintiff did not file a
11  second level appeal or that plaintiff's appeal was not disregarded or lost by prison officials.
12  Because defendants carry the burden of raising and proving that plaintiff did not exhaust
13  available administrative remedies, the court recommends that defendants' motion to dismiss for
14  failure to exhaust be denied.

**OTHER MATTERS**

16  Also pending before the court is plaintiff's motion to proceed in forma pauperis
17  filed May 24, 2010. By order filed September 4, 2009, the court granted plaintiff's first request
18  to proceed in forma pauperis. Accordingly, the court will deny plaintiff's pending motion as
19  moot.

**CONCLUSION**

21  Accordingly, IT IS HEREBY ORDERED that:
22  1. The court's March 23, 2010 order to show cause (Doc. No. 20) is discharged;
23  and
24  2. Plaintiff's May 24, 2010 motion to proceed in forma pauperis (Doc. No. 28) is
25  denied as moot.
26  /////

       Also, for the reasons stated above, IT IS HEREBY RECOMMENDED that Defendants' motion to dismiss for failure to exhaust administrative remedies prior to filing suit be denied.

       These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 4, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:sj
suth2391.57

10