1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10    WILLIAM YOUNG SUTHERLAND,

11              Plaintiff,                No. CIV S-09-2391 WBS DAD P

12        vs.

13    S. HERRMANN, et al.,

14              Defendants.               <u>ORDER</u>

15    _____/

16              Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

17    42 U.S.C. § 1983.  Several discovery motions are pending before the court.

18              On October 8, 2010, plaintiff filed a motion for leave to depose plaintiff's

19    incarcerated witnesses.  Plaintiff, who is incarcerated at Pleasant Valley State Prison in Coalinga,

20    California, seeks permission to take the deposition of two inmates incarcerated at California State

21    Prison-Sacramento.[1]  Plaintiff alleges that these inmates were incarcerated with him at the time

22    of the events alleged in his complaint and were first hand witnesses thereto.  By order filed

23    November 15, 2010, defendants were directed to respond to plaintiff's motion.  On November

24    18, 2010, defendants filed a response.  Therein, defendants represent that they have no objection

25    _____

26        [1] Plaintiff requests leave to depose three inmate witnesses, but he has only identified two
      inmates in the motion.

1

1  to plaintiff deposing inmate witnesses but they argue that plaintiff must bear the costs associated

2  with such depositions and that the motion should be denied unless plaintiff can do so.

3  Section 3139 of Title 15 of the California Code of Regulations requires an inmate

4  to obtain written authorization from the Warden or designee to correspond with another inmate.

5  See tit. 15 § 3139.  Even assuming arguendo that plaintiff, who is proceeding with this action in

6  forma pauperis, can bear the costs associated with conducting the two depositions he desires, he

7  has not demonstrated that he has obtained the required permission to communicate with either or

8  both of the inmates he seeks to depose.[2]  For that reason, plaintiff's motion will be denied at this

9  time without prejudice.

10  On December 2, 2010, plaintiff filed a motion for a fifty-day extension of time to

11  resolve a discovery dispute with defendants including, as necessary, to file a motion to compel.

12  On December 7, 2010, defendants filed a response to the request in which they represent, inter

13  alia, that they have no opposition to extending the time for plaintiff to file a motion to compel.

14  On December 10, 2010, plaintiff filed a motion to compel further responses to the discovery

15  described in his motion for extension of time.  Pursuant to the scheduling order filed in this

16  action on August 30, 2010, the deadline for filing discovery motions was December 17, 2010.

17  Plaintiff's December 10, 2010 motion to compel was timely filed.  Accordingly, his December 2,

18  2010 motion for extension of time will be denied.

19  By his December 10, 2010 motion to compel, plaintiff seeks to compel further

20  responses to six requests contained in a request for production of documents served on

21  defendants on or about September 28, 2010.  Specifically, plaintiff seeks a further response to his

22  requests for production of documents nos. 1, 3, 8, 9, 12 and 13.

---

23  [2]  Should plaintiff obtain the required permission, it is not clear to this court that a

24  deposition would be the only means by which plaintiff might obtain and preserve the inmates' testimony.  Affidavits based on personal knowledge and signed under penalty of perjury may also

25  constitute evidence admissible in opposition to a motion for summary judgment, see Fed. R. Civ. P. 56(e), and would likely present similar admissibility issues thereafter should this action

26  proceed to trial.  See, e.g., Fed. R. Evid. 801.

1      By Request No. 1, plaintiff sought

2      Records, Documents, Logs or any and all other information with
       the names of inmates that were present in R and R (Receiving and
3      Release) at the time that the Plaintiff was being restrained to be
       transported to U.C. Davis Medical Facility on March 3, 2008
4      between the hours of 7:00 a.m. and 12:30 p.m. as there is a vital
       witness that asked to testify as to what he saw but Plaintiff could
5      not acquire the name therefore this request is relevant to acquire
       the name of this vital witness, this witness was held in a single
6      holding tank that was approximately two (2) feet in front of where
       the restraints were placed on Plaintiff and was there, in the same
7      holding tank, upon the return of Plaintiff when his restraints were
       removed.

8

9      Ex. A to Plaintiff's Motion to Compel, filed December 10, 2010 (Doc. No. 41), at 1-2.

10     Defendants responded to this discovery request as follows:

11         Defendants object to this request on the grounds that it is
           compound and not likely to lead to the discovery of admissible
12         evidence.  Defendants further object to the extent that the
           information Plaintiff seeks violates other inmates' privacy rights.
13         Without waiving these objections, Defendants respond as follows:
           Defendants have conducted a diligent search of their records and
14         have provided, as Attachment 1, all documents in their possession,
           custody or control.

15

16     Ex. B to Plaintiff's Motion to Compel, at 2.  The Attachment 1 referred to by defendants includes

17     a California State Prison-Sacramento Transportation Summary that lists four transportation

18     officers and four inmates transported to U.C. Davis Medical Center.  The form appears to list the

19     date of transport as "2/2/08", but does identify plaintiff as one of the inmates transported.  See

20     Attachment 1 to Ex. B to Declaration of J. Devencenzi in Support of Defendants' Opposition to

21     Plaintiff's Motion to Compel, filed December 21, 2010.  Attachment 1 also includes a

22     memorandum dated June 11, 2009 concerning unscheduled stops during transport of inmates

23     from California State Prison-Sacramento to medical appointments.

24         A party from whom production of documents is sought is only required to produce

25     those documents which are "in the responding party's possession, custody, or control."  Fed. R.

26     Civ. P. 34(a).  Here, defendants represent that they have produced to plaintiff all documents in

3

their possession, custody or control responsive to Request No. 1.  Defendants cannot be

compelled to produce documents they do not have.  Accordingly, no further response to this

discovery request will be required.

By Request No. 3, plaintiff sought

A copy of a map with the transportation route to U.C. Davis that
was taken March 03, 2008, and the Detoured route taken to 34th
and C Street, to the restaurant named "Roxie's" or "Roxy's"
(spelling of restaurant not relevant to discovery).

Ex. A to Motion to Compel, at 2.

Defendants responded to this request as follows:

Defendants object to this request on the ground that it is compound
and not likely to lead to the discovery of admissible evidence.
Defendants further object that this request seeks information that
could jeopardize the safety and security of the institution–that is,
Defendants cannot provide plaintiff with a map showing the route
they take when transporting inmates to medical appointments.
That disclosure would put the transportation teams, as well as the
inmates they are transporting, at risk.  Without waiving these
objections, Defendants respond as follows:  Defendants have
conducted a diligent search of their records and have no maps in
their possession, custody and control.

Ex. B to Motion to Compel, at 3.

As noted above, defendants cannot be compelled to produce documents they do

not have.  No further response to this request will be required.

By Request No. 8, plaintiff sought

All information on Officer training with regards to the use of the
BLACK BOX when restraining inmates and the procedures to
follow if said inmates complain about the restraints being too tight.
Plaintiff will be requesting that an Expert Witness trained in these
procedures be called to show the proper procedures on restraining
inmates to be transportated [sic] to U.C. Davis or any other outside
Medical facility.

Ex. A to Motion to Compel, at 3.

/////

/////

4

1    Defendants responded to this request as follows:

2    Defendants object to this request on the grounds that it is
compound and not likely to lead to the discovery of admissible
3    evidence.  Additionally, the information plaintiff requests,
procedures relating to the transportation of inmates, could
4    jeopardize the safety and security of the institution.  Without
waiving these objections, Defendants respond as follows:
5    Defendants have conducted a diligent search of their records and
have no documents in their possession, custody or control relating
6    to training materials.  However, all policies and procedures relating
to the use of restraints are in Title 15, section 3268.2.

7

8    Ex. B to Motion to Compel, at 5-6.

9    As noted above, defendants cannot be compelled to produce documents they do

10   not have.  No further response to this request will be required.

11   By Request No. 9, plaintiff sought

12   All testimonies by Officers, Inmate Witnesses, Investigators, and
any, and all other persons that made such statements or gave
13   testimony concerning the Inmate/Parolee Appeal[ [sic] process,
Appeal Log Number:  SAC-C-08-0705, eather [sic] written,
14   recorded or any and all other ways taken and recorded.

15   Ex. A to Motion to Compel, at 3.

16   Defendants responded to this request as follows:

17   Defendants object to this request on the grounds that it is
compound and not likely to lead to the discovery of admissible
18   evidence.  Defendants further object to the extent plaintiff seeks
confidential documents.  Without waiving these objections,
19   Defendants respond as follows:  All non-confidential documents in
Defendants' possession, custody [sic] and control pertaining to
20   Plaintiff's administrative grievance would be in Plaintiff's central
file, which is available to him for copying under institutional
21   policies and procedures.

22   Ex. B to Motion to Compel, at 6.  Good cause appearing, defendants will be directed to provide

23   to the court for in camera review all confidential documents responsive to this request.

24   Thereafter, the court will determine whether further production in response to plaintiff's

25   discovery request is required.

26   /////

5

1          By Request No. 12, plaintiff sought:

2          All personal records of the following Correctional Officers:  S.
Herrmann, M. Spinks, A. Parmar and R. Sicculuna pertaining to,

3          but not limited to, inmate complaints, staff complaints, citizen
complaints, or any other disciplinary actions involving, but not

4          limited to, inmates, failure to follow instructions, rules violations
and abuses.

5

6  Ex. A to Motion to Compel, at 4.

7          Defendants responded to this request as follows:

8          Defendants object to this request on the grounds that it is
compound, overly burdensome, overbroad, irrelevant and not

9          reasonably calculated to lead to the discovery of admissible
evidence, as Plaintiff seeks mere complaints that are not admissible

10         in this case for any purpose.  Defendants further object to this
request on the grounds that disclosure of the documents requested

11         would violate Defendants' right to privacy because peace officer
personnel records are protected by state and federal privileges and

12         California statutes, including California Penal Code sections 832.7
and 6126.3.  Defendants object on the grounds that government

13         personnel files are protected by the official information privilege.
Without waiving these objections, Defendants respond as follows:

14         Defendants have no documents in their possession, custody or
control, as they have no sustained complaints in their personnel

15         files.

16  Ex. B to Motion to Compel, at 7.

17         As noted above, defendants cannot be compelled to produce documents they do

18  not have.  No further response to this request will be required.

19         By Request No. 13, plaintiff sought:

20         Names and if know [sic], addresses, phone numbers and any and
all contact information of persons "Likely to have discoverable

21         information relevant to disputed facts alleged with particularity in
pleadings.".

22

23  Ex. A to Motion to Compel, at 4.

24         Defendants responded to this request as follows:

25         Defendants object that this is not a request for a document.  If this
request was intended to be an interrogatory, Plaintiff has failed to

26         specify which Defendant it is directed to.  Given that this is not a

1    request for a document and is not an interrogatory directed at a
     specific party, Defendants will not respond to this request.
2

3    Ex. B to Motion to Compel, at 8.

4            Defendants' objection that this request is not a request for production of

5    documents is well-taken.  No further response to this request will be required.

6            For all of the foregoing reasons, defendants will be required to tender to the court

7    within ten days for in camera review all confidential documents responsive to Request Number 9.

8    In all other respects, plaintiff's December 10, 2010 motion to compel will be denied.

9            On December 20, 2010, plaintiff filed three subpoenas directed to Deputy

10   Attorney General Jessica R. Devencenzi.  By these subpoenas, plaintiff seeks production of

11   documents that are the subject of his December 10, 2010 motion to compel.  Plaintiff's

12   subpoenas will be placed in the court file and disregarded.[3]

13           On December 30, 2010, plaintiff filed another motion to compel.  By that motion,

14   plaintiff seeks an order compelling disclosure of information requested with regard to his inmate

15   appeal dated March 12, 2008.  Specifically, plaintiff seeks "any and all documents or files"

16   pertaining to all testimony given during the investigation of that appeal.  Plaintiff relies on a

17   statement in the response to his appeal by Associate Warden J. Lizarraga that four officers, a

18   doctor, and two inmates were question concerning plaintiff's appeal.  Defendants oppose the

19   motion on the grounds that in response to Requests No. 9 and 12 of his first request for

20   production of documents, plaintiff has been informed that (1) defendants have no sustained

21   allegations of staff misconduct in their personnel files; and (2) plaintiff's administrative

22   grievance is in his central file, which is available for his review through institutional procedures.

23

24           [3]  In his December 2, 2010 motion for a fifty day extension of time to resolve discovery
     disputes, plaintiff states that he sent two subpoenas to the court on November 7, 2010.  The
25   record before this court contains no evidence those subpoenas were ever received.  In any event,
     assuming plaintiff did send them on November 7, 2010, they were untimely under the deadline
26   set in the August 30, 2010 scheduling order.

7

1    The motion seeks the same information sought by Request No. 9 of plaintiff's first

2  request for production of documents.  Plaintiff's motion in this regard is redundant and will

3  therefore be denied.

4    On January 3, 2011, plaintiff filed a response to defendants' opposition to

5  plaintiff's December 10, 2010 motion to compel, in which he requests imposition of sanctions

6  against defendants.  For the reasons set forth above, plaintiff's motion to compel will be denied

7  with the exception of the requirement that defendants tender certain documents for in camera

8  review.  Plaintiff's request for sanctions will therefore be denied.

9    On January 26, 2011, plaintiff filed a motion for an order requiring the Clerk of

10  the Court to process and file several subpoenas attached to the motion together with a motion for

11  an order directing the United States Marshal to personally serve those subpoenas.  By the

12  subpoenas, plaintiff seeks information concerning statements made to Associate Warden

13  Lizagarra during the investigation of plaintiff's inmate appeal, information concerning the

14  identity of an inmate in Receiving and Release on the morning of the incident at issue, and

15  information on officer training concerning the use of the black box in restraining inmates.  All of

16  this information was sought by plaintiff during discovery.  Moreover, as noted above, all

17  discovery requests were to be served sixty days prior to December 17, 2010.  On March 28, 2011

18  and June 2, 2011, plaintiff filed additional requests for issuance of subpoenas duces tecum.  To

19  the extent that these subpoenas are not duplicative of earlier discovery requests, they are

20  untimely.  All of these motions and requests by plaintiff will be denied.

21    In accordance with the above, IT IS HEREBY ORDERED that:

22    1.  Plaintiff's October 8, 2010 motion to depose inmate witnesses (Doc. No. 35) is

23  denied without prejudice;

24    2.  Plaintiff's December 2, 2010 motion for extension of time (Doc. No. 38) is

25  denied;

26  /////

3.  Within ten days from the date of this order defendants shall submit to the chambers of the undersigned for in camera review all confidential documents responsive to Request No. 9 in plaintiff's first request for production of documents.  In all other respects, plaintiff's December 10, 2010 motion to compel (Doc. No. 41) is denied;

4.  Plaintiff's December 30, 2010 motion (Doc. No. 47) is denied;

5.  Plaintiff's January 3, 2011 request for sanctions is denied;

6.  Plaintiff's January 26, 2011 motions (Doc. Nos. 52 and 53) are denied.

7.  Plaintiff's March 28, 2011 request for issuance of subpoenas (Doc. No. 59) is denied; and

8.  Plaintiff's June 2, 2011 motion for subpoenas (Docket No. 65) is denied.

DATED: July 20, 2011.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:12
suth2391.dis

9