IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM YOUNG SUTHERLAND,

    Plaintiff,                    No. CIV S-09-2391 WBS DAD P

    vs.

S. HERRMANN, et al.,

    Defendants.                ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. By order filed July 21, 2011, defendants were directed to submit for in camera review all confidential documents responsive to Request No. 9 of plaintiff's first request for production of documents. In response to that order, defendants submitted a document identified in their notice of submission as a Confidential Supplement to Appeal Inquiry of Appeal Log No. SAC-C-08-00705. See Defendants' Notice of Submission of Sealed Document for In Camera Review Pursuant to Court Order (Doc. No. 70), filed July 25, 2011, at 1. In their notice of submission defendants request that if the court determines that the document is subject to disclosure they be given "an opportunity to seek a protective order restricting Plaintiff's access to the document and redacting information that could jeopardize prison safety." Id. at 2.

/////

1   The document submitted by defendants is twenty-eight pages. It is comprised of a series of memoranda and other documents that are apparently collectively identified as one document. It is clear that no valid claim of confidentiality attaches to at least some parts of the lengthy document.[1]

Good cause appearing, IT IS HEREBY ORDERED that within fifteen days from the date of this order defendants shall supplement their July 25, 2011 submission by submitting for in camera review a brief addressing with specificity which portions of the document in question they contend are confidential. Defendants shall identify any part of the document that has already been provided to plaintiff or would otherwise be available to him, and shall identify any part of the document that contains information that has or will be used in the defense of this action, including in defendants' pending motion for summary judgment. Defendants shall identify with specificity which part(s) of the document they contend should be redacted if some or all of the document is provided to plaintiff. Finally, defendants shall include with their brief a proposed protective order.

DATED: December 8, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:12
suth2391.dis2

---

[1] Two pages of the document are plaintiff's March 12, 2008 inmate grievance, two pages of plaintiff's medical records, and two pages are a memorandum, dated May 22, 2008, to plaintiff from Associate Warden J. Lizarraga responding to plaintiff's inmate appeal. At the very least, it does not appear that any claim of confidentiality could possibly attach to those six pages of the twenty-eight page document.