1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   WILLIAM YOUNG SUTHERLAND,

11          Plaintiff,                    No. CIV S-09-2391 WBS DAD P

12      vs.

13   S. HERRMANN, et al.,

14          Defendants.            <u>ORDER</u>

15   _____/

16          Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

17   42 U.S.C. § 1983.  Several matters are pending before the court.

18          On March 11, 2011, two of the four defendants in this action, defendants Parmar

19   and Spinks, filed a motion for summary judgment.  Plaintiff filed his opposition to that motion

20   on April 11, 2011, and defendants filed a reply on April 15, 2011.  On May 23, 2011, plaintiff

21   filed a response to defendants' reply, and on June 13, 2011, plaintiff filed an amendment to his

22   opposition and an amendment to the declaration appended to his May 23, 2011 response to

23   defendants' reply brief.  Defendants have moved to strike the latter three documents filed by

24   plaintiff as unauthorized and impermissible surreply briefs.

25          Local Rule 230(1) authorizes the filing of an opposition to a motion and a reply

26   brief in support of the motion, and provides that a motion is "deemed submitted twenty-eight

1

1   (28) days after the service of the motion or when the reply is filed, whichever comes first."  Local

2   Rule 230(l) (E.D.Cal.).  Plaintiff's May 23, 2011 response to defendants' reply, and his June 13,

3   2011 amendment to the declaration appended to that response, are not authorized and will

4   therefore be stricken.

5           The court has reviewed plaintiff's June 13, 2011 proposed amendment to his

6   opposition.  The proposed amendment is missing the third page of plaintiff's opposition to the

7   motion, missing nine pages from Exhibit D, and adds as Exhibit K a copy of plaintiff's

8   complaint.  Plaintiff is not required to tender a copy of his complaint as an exhibit in opposition

9   to defendants' motion for summary judgment.  See Fed. R. Civ. P. 56(c)(3) (at summary

10   judgment court may consider other materials in the record).  The June 13, 2011 proposed

11   amendment to plaintiff's opposition adds no material necessary to plaintiff's opposition.  It will

12   therefore also be stricken.

13           On September 15, 2011, plaintiff filed a document styled "Petition to Persue [sic]

14   Charges of Perjury Against M. Spinks and Subornation of Perjury Against Deputy Attorney

15   General Jessica R. Devencenzi."  Therein, plaintiff contends that throughout defendant Spink's

16   responses to a set of interrogatories propounded by plaintiff, masculine articles of speech (such

17   as "his") are used to refer to defendant Spink, when defendant Spink is in fact a female.  It is

18   clear in the record, and undisputed by defendants, that defendant Spink is female.  Plaintiff's

19   motion will be denied.

20           On October 24, 2011, plaintiff filed a motion for to reopen discovery, and on

21   October 28, 2011, filed a motion for subpoenas duces tecums for service of discovery requests on

22   non-parties.  In his motion to reopen discovery, plaintiff contends that the time to conduct

23   discovery in this action was inadequate to permit him to compel further responses to discovery

24   from defendants and to serve subpoenas duces tecum on non-parties.  The record reflects that

25   plaintiff did timely file a motion to compel discovery responses which has been resolved by the

26   /////

1   court.  See Order filed July 21, 2011 (Doc. No. 70).[1]  The record also reflects that plaintiff has

2   previously sought and been denied leave to serve subpoenas duces tecum.  Id.  In the motion now

3   pending before the court, plaintiff does not provide any specific information concerning the of

4   the discovery he would seek by the requested subpoenas or why such discovery is essential to his

5   prosecution of this action.  Therefore, plaintiff's motions will be denied.

6           In accordance with the above, IT IS HEREBY ORDERED that:

7           1.  Defendants' June 20, 2011 motion to strike filings (Doc. No. 69) is granted;

8           2.  Docket Nos. 64, 66, and 67 are stricken;

9           3.  Plaintiff's motion to pursue perjury charges (Doc. No. 76) is denied;

10          4.  Plaintiff's motion for leave to reopen discovery (Doc. No. 78) is denied; and

11          5.  Plaintiff's motion for subpoenas duces tecum (Doc. No. 79) is denied.

12  DATED: January 6, 2012.

13

14  _____

15  DALE A. DROZD
    UNITED STATES MAGISTRATE JUDGE

16  DAD:12
    suth2391.o2

17

18

19

20

21

22

23

24

25  _____

26      [1]  The court has completed the in camera review required by the July 21, 2011 order,
    which has led to production of some additional documents to plaintiff.

3