IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM YOUNG SUTHERLAND,

    Plaintiff,                        No. CIV S-09-2391 WBS DAD P

   vs.

S. HERRMANN, et al.,

    Defendants.               ORDER

/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. By order filed July 21, 2011, defendants were directed to submit for in camera review all confidential documents responsive to Request No. 9 of plaintiff's first request for production of documents. In response to that order, defendants submitted a twenty-eight page document identified in their notice of submission as a Confidential Supplement to Appeal Inquiry of Appeal Log No. SAC-C-08-00705. See Defendants' Notice of Submission of Sealed Document for In Camera Review Pursuant to Court Order (Doc. No. 70), filed July 25, 2011, at 1. In their notice of submission defendants request that if the court determines that the document is subject to disclosure they be given "an opportunity to seek a protective order restricting Plaintiff's access to the document and redacting information that could jeopardize prison safety." Id. at 2.

1    By order filed December 9, 2011, defendants were directed to supplement their July 25, 2011 submission by submitting for in camera review a brief addressing with specificity which portions of the document in question they contend are confidential, identifying any part of the document that has already been provided to plaintiff or would otherwise be available to him, and identifying any part of the document that contains information that has or will be used in the defense of this action, including in defendants' pending motion for summary judgment. In addition, defendants were directed to identify with specificity which part(s) of the document they contend should be redacted if some or all of the document were to be provided to plaintiff and to include with their brief a proposed protective order. Defendants have now submitted the required brief.

In their brief, defendants make no argument with respect to the first page of the document submitted for in camera review.[1] It does not appear to the court that page one of the document is relevant to the substance of plaintiff's claims. Therefore, defendants will not be required to produce that page to plaintiff.

Defendants contend that memorandums dated May 15, 2008 and May 28, 2008 (pages 2 and 3) are protected by the deliberative process privilege because they reflect communications between government officials concerning whether there is a need to develop a particular policy. The policy under discussion in the May 28, 2008 memorandum is not relevant to the claims at bar. For that reason, defendants will not be required to produce the memorandum dated May 28, 2008 (page 3) to plaintiff. However, the memorandum dated May 15, 2008 (page 2) contains both information concerning the policy discussion and information that may be relevant to the claims at bar. For that reasons, defendants will be directed to provide a copy of that memorandum, redacted to omit the paragraph identified by the number 1 and the last sentence of the document directly above the signature, to plaintiff.

---

[1] Hereafter pages of the document submitted for in camera review will be identified in parentheses.

1    Defendants contend that an undated Memorandum (page 4) is protected by the
2 deliberative process privilege because it contains communications between prison officials
3 concerning the processing of plaintiff's complaint and does not go to the substance of plaintiff's
4 allegations in this civil action. Defendants shall forthwith clarify whether the document
5 described in the last typewritten sentence on that page and the second of two documents
6 described in the handwritten paragraph on that page have been provided to or are otherwise
7 available to plaintiff.[2] Nothing in the rest of the document is relevant to the substance of
8 plaintiff's claims and defendants will therefore not be required to produce this document.

9    Defendants have withdrawn their claim of confidentiality with respect to a five
10 page memorandum dated May 23, 2008, and a second copy of the first page of that memorandum
11 reflecting a change in the first sentence of the findings at the bottom of the page. Accordingly,
12 defendants shall provide those six pages to plaintiff forthwith. Defendants also represent that a
13 memorandum dated May 22, 2008 (pages 11-12) has already been provided to plaintiff.

14    Defendants contend that interoffice notes dated April 1, 2008 and March 28,
15 2008, and a Staff Complaint Chronological Tracking Worksheet (pages 13-15) are all protected
16 by the deliberative process privilege because they reflect communications between prison
17 officials concerning the processing of plaintiff's complaint and do not go to the substance of
18 plaintiff's allegations. The three pages in question contain no information relevant to the
19 substance of plaintiff's claims. Accordingly, defendants will not be required to produce these
20 pages to plaintiff.

21 /////
22 /////
23 /////
24 _____

25    [2] It appears that the document identified in that paragraph as a 7219, is the medical report
   dated March 3, 2008 (page 18), which defendants represent in their brief has already been
26 provided to plaintiff.

        Defendants represent that the inmate appeal Log No. 08-0705 (pages 16-17) and a medical report dated March 3, 2008 (pages 18-19) have already been provided to plaintiff.

        Finally, defendants contend that the advisements of rights given to the four defendants in this action (pages 20, 22, 24, and 27) are covered by the official information privilege.  None of those pages contain information relevant to the substance of plaintiff's claims.  Therefore, defendants will not be required to produce those pages to plaintiff.  Defendants will, however, be required to inform the court whether pages 21, 23, 25 and 26, which are not addressed in their brief, have already been provided to plaintiff and, if not, whether there is any assertion of privilege with respect to those documents as well as the basis therefore.

        In accordance with the above, IT IS HEREBY ORDERED that:

        1. Within fifteen days from the date of this order defendants shall provide the following documents to plaintiff:

        a. The memorandum dated May 15, 2008 (page 2 of the document submitted for in camera review), redacted to omit the paragraph identified by the number 1 and the last sentence of the document directly above the signature; and

        b. The five page memorandum dated May 23, 2008 (pages 5-9), and a second copy of the first page of that memorandum (page 10) reflecting a change in the first sentence of the findings at the bottom of the page.

        2. Within fifteen days from the date of this order defendants shall clarify in writing:

        a. Whether the document described in the last typewritten sentence on the undated memorandum identified as page 4 of the document submitted for in camera review and the second of two documents described in the handwritten paragraph on that page have been provided to or are otherwise available to plaintiff; and

/////

1         b. Whether pages 21, 23, 25 and 26 of the document submitted for in camera review have been provided to plaintiff.

DATED: January 17, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:12
suth2391.dis3