IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM YOUNG SUTHERLAND,

      Plaintiff,                       No. CIV S-09-2391 WBS DAD P

     vs.

S. HERRMANN, et al.,

      Defendants.                ORDER

_____/

       Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that his Eighth Amendment rights were violated by defendants' failure to adjust his handcuffs, which had been placed too tightly upon him, during a transport to and from a medical appointment.

       On March 11, 2011, two of the defendants in this action, defendants Parmar and Spinks, filed a motion for summary judgment. After that motion was filed, on July 21, 2011, this court resolved a motion to compel previously filed by plaintiff. In the July 21, 2011 order, the court directed defendants to submit additional documents for the court's in camera review. Thereafter, on January 18, 2012, the court directed defendants to provide certain documents to plaintiff . Defendants were also directed to clarify in writing "[w]hether the document described in the last typewritten sentence on the updated memorandum identified as page 4 of the

1

document submitted for in camera review and the second of two documents described in the handwritten paragraph on that page have been provided to or are otherwise available to plaintiff." Order filed January 18, 2012 (Doc. No. 85), at 4. On February 1, 2012, defendants filed a response to that order stating in relevant part that

> [d]efense counsel believes that those writings refer to the CDC Form 7219, and the confidential appeal inquiry, both of which have already been provided to Plaintiff. [Footnote omitted.] However, Defendants will inquire whether any additional reports exist that record statements or impressions by either Nurse Asp or Nelegrito. If Defendants discover that an additional report by either nurse exists, Defendants will either provide the documents to Plaintiff or seek a protective order.

Defendants' Response to Court Order, filed February 1, 2012 (Doc. No. 89), at 2.

On January 9, 2012, this court issued an order granting defendants' motion to strike certain filings made by plaintiff in connection with the pending motion for summary judgment because they were filed after defendants filed their reply brief and were therefore unauthorized, and denying three motions filed by plaintiff including a motion for leave to reopen discovery and a motion for subpoenas duces tecum. On January 25, 2012 and February 13, 2012, plaintiff filed motions for extension of time to seek reconsideration of that order, and on February 10, 2012, plaintiff filed a motion for leave to file a motion for reconsideration together with the proposed motion for reconsideration. Good cause appearing, plaintiff's motions for extension of time will be granted and plaintiff's motion for reconsideration deemed timely filed.

Although not entirely clear, the gravamen of plaintiff's motion for reconsideration appears to be grounded in arguments made by defendants in their reply brief in support of their motion for summary judgment concerning plaintiff's alleged failure to identify with specificity which correctional officer placed him in the handcuffs. In addition, plaintiff seeks reconsideration of the court's order striking three documents that he filed after briefing on defendants' summary judgment motion was complete.

/////

As noted above, additional documents have been provided to plaintiff since the briefing on the summary judgment motion was completed.  As noted above, defendants have represented that they intend to either provide further clarification or seek a protective order with respect to one additional piece of information.  Accordingly, plaintiff's motion for reconsideration will be granted in part.  Defendants' March 11, 2011 motion for summary judgment will be denied without prejudice and the court will, by this order, set a deadline for defendants to complete their inquiry as to whether any additional reports exist that record statements or impressions by either Nurse Asp or Nelegrito, to report the results of the inquiry to plaintiff and to the court, and, if an additional report by either nurse exists, either provide it to plaintiff or seek a protective order.  The court will also set a new deadline for filing dispositive motions.  Should defendants renew their motion for summary judgment, plaintiff will be permitted to file all relevant documents in opposition thereto, including, as appropriate, any documents stricken by the court's January 9, 2012 order, and any documents containing relevant evidence produced pursuant to the court's January 18, 2012 order.  Plaintiff is cautioned that responses to reply briefs are not authorized.  Accordingly, all arguments and evidence in opposition to a defense motion for summary judgment must be included in his opposition to such a motion filed by defendants.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's January 25, 2012 motion for extension of time (Doc. No. 87) is granted;

2. Plaintiff's February 13, 2012 second request for extension of time (Doc. No. 91) is granted;

3. Plaintiff's motion for permission to file a motion for reconsideration (Doc. No. 90) is granted;

4. Plaintiff's motion for reconsideration (Doc. No. 90) of this court's January 9, 2012 order is granted in part:

3

     5. Defendants' March 11, 2011 motion for summary judgment (Doc. No. 58) is denied without prejudice to its renewal;

     6. Within fifteen days from the date of this order, defendants shall inform the court and plaintiff in writing as to whether any additional reports exist that record statements or impressions by either Nurse Asp or Nelegrito and, if an additional report by either nurse exists, either provide it to plaintiff or seek a protective order.

     7. Except for actions required to comply with paragraph 6 of this order, discovery is closed.

     8. The time for filing pretrial motions, except motions to compel discovery, is extended to April 30, 2012, and all such motions shall be filed on or before that date.  Motions shall be briefed in accordance with paragraph 7 of this court's order filed October 1, 2009.

DATED: February 17, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:12
suth2391.o3