IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM YOUNG SUTHERLAND,

       Plaintiff,                    No. 2:09-cv-2391 WBS DAD P

   vs.

S. HERRMANN, et al.,

       Defendants.             ORDER

_____/

       Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  On April 25, 2012, defendants filed a motion for summary judgment in this action pursuant to Federal Rule of Civil Procedure 56.  On June 4, 2012, plaintiff filed an opposition to the motion for summary judgment.  In light of the decision of the United States Court of Appeals for the Ninth Circuit in Woods v. Carey, 684 F.3d 934 (9th Cir. 2012), the parties will be given an opportunity to file supplemental briefing on the motion for summary judgment.

       Pursuant to Woods, Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988), the court hereby once again informs plaintiff of the following requirements for opposing a motion for summary judgment pursuant to Fed. R. Civ. P. 56.[1]  Such a motion is a request for an order for judgment in favor of

---

[1] Plaintiff was informed of these requirements in an order filed October 1, 2009.

1

1  the defendant without trial.  A defendant's motion for summary judgment will set forth the facts
2  that the defendant contends are not reasonably subject to dispute and that entitle the defendant to
3  judgment.  To oppose a motion for summary judgment, plaintiff must show proof of his or her
4  claims.  Plaintiff may do this in one or more of the following ways.  Plaintiff may rely on
5  plaintiff's statements made under penalty of perjury in the complaint if the complaint shows that
6  plaintiff has personal knowledge of the matters stated and plaintiff specifies those parts of the
7  complaint on which plaintiff relies.  Plaintiff may serve and file one or more affidavits or
8  declarations setting forth the facts that plaintiff believes prove plaintiff's claims; the person who
9  signs an affidavit or declaration must have personal knowledge of the facts stated.  Plaintiff may
10 rely on written records, but plaintiff must prove that the records are what plaintiff asserts they
11 are.  Plaintiff may rely on all or any part of the transcript of one or more depositions, answers to
12 interrogatories, or admissions obtained in this proceeding.  If plaintiff fails to contradict the
13 defendant's evidence with counteraffidavits or other admissible evidence, the court may accept
14 defendant's evidence as true and grant the motion.  If there is some good reason why such facts
15 are not available to plaintiff when required to oppose a motion for summary judgment, the court
16 will consider a request to postpone consideration of the defendant's motion.  See Fed. R. Civ. P.
17 56(d).  If plaintiff does not serve and file a written opposition to the motion, or a request to
18 postpone consideration of the motion, the court may consider the failure to act as a waiver of
19 opposition to the defendant's motion.  See L.R. 230(l).  If the court grants the motion for
20 summary judgment, whether opposed or unopposed, judgment will be entered for the defendant
21 without a trial and the case will be closed as to that defendant.
22          On August 3, 2012, plaintiff filed a motion for permission to take the deposition
23 of a "John Doe" inmate who he alleges was an eyewitness to events material to the claim at bar.
24 Specifically, plaintiff claims that "John Doe" was an inmate in a holding tank at California State
25 Prison-Sacramento on March 3, 2008, between 7:00 a.m. and 5:00 p.m.  Plaintiff alleges that
26 "John Doe" was the only inmate clad in a white jumpsuit.  The instant motion is filed by plaintiff

1  well past the deadline for completion of discovery in this action, <u>see</u>, <u>e.g.</u>, Order filed February
2  21, 2012, at 4 (Doc. No. 92), and plaintiff has tendered no explanation why the instant request
3  could not have been made during the time set for discovery.  Plaintiff's motion will therefore be
4  denied.

5        In accordance with the above, IT IS HEREBY ORDERED that:

6      1. Plaintiff is granted thirty days from the date of this order in which to file and
7  serve a supplemental opposition to defendants' April 25, 2012 motion for summary judgment;

8      2. Defendants may file a supplemental reply not later than fourteen days after
9  service of any supplemental opposition; and

10     3. Plaintiff's August 3, 2012 motion is denied.

11 DATED: August 13, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

12
suth2391.ntc