IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM YOUNG SUTHERLAND,

     Plaintiff,                No. 2:09-cv-2391 WBS DAD P

     vs.

S. HERRMANN, et al.,            ORDER SETTING

     Defendants.           SETTLEMENT CONFERENCE

_____/

        Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.

        On March 4, 2013, the undersigned issued an order directing the parties to inform the court if they wished to proceed with a mandatory settlement conference before the undersigned magistrate judge or have the case referred to the court's mediation program for assignment of a settlement judge.  On March 5, 2013, counsel for defendants filed a waiver to have the undersigned preside over a settlement conference in this case.  However, on March 25, 2013, plaintiff filed a request to have the case referred to the court's mediation program.

        Good cause appearing, the undersigned will refer this case to the court's mediation program.  Magistrate Judge Allison Claire will conduct a settlement conference during the court's scheduled Settlement Week Program at the U. S. District Court, 501 I Street,

1  Sacramento, California 95814 in Courtroom #26 on June 11, 2013 at 9:00 a.m.  A separate order

2  and writ of habeas corpus ad testificandum to secure plaintiff's appearance will issue

3  concurrently with this order.

4          In accordance with the above, IT IS HEREBY ORDERED that:

5          1.  This case is referred to the court's mediation program for settlement

6  conference and is set for a settlement conference before Magistrate Judge Allison Claire on June

7  11, 2013, at 9:00 a.m. at the U.S. District Court, 501 I Street, Sacramento, California 95814 in

8  Courtroom #26.

9          2.  Defense counsel and a person with full and unlimited authority to negotiate and

10  enter into a binding settlement on defendant's behalf shall attend in person.[1]

11          3.  Those in attendance must be prepared to discuss the claims, defenses and

12  damages.  The failure of any counsel, party or authorized person subject to this order to appear in

13  person may result in the imposition of sanctions.  In addition, the conference will not proceed

14  and will be reset to another date.

15  DATED: April 11, 2013.

16

17  _____

18  DAD:12                        DALE A. DROZD
    suth09cv2391.sc               UNITED STATES MAGISTRATE JUDGE

19  _____

20      [1]The term "full authority to settle" means that the individuals attending the settlement
    conference must be authorized to fully explore settlement options and to agree at that time to any
21  settlement terms acceptable to the parties. G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.,
    871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6
22   F. 3d 1385, 1396 (9th Cir. 1993).  The individual with full authority to settle must also have
    "unfettered discretion and authority" to change the settlement position of the party, if appropriate.
23  Pittman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in
    part, Pitman v. Brinker Int'l, Inc., 2003 WL 23353478 (D. Ariz. 2003).  The purpose behind
24  requiring the attendance of a person with full settlement authority is that the parties' view of the
    case may be altered during the face to face conference. Pitman, 216 F.R.D. at 486.  An
25  authorization to settle for a limited dollar amount or sum certain can be found not to comply with
    the requirement of full authority to settle. Nick v. Morgan's Foods, Inc., 270 F. 3d 590, 596-97
26  (8th Cir. 2001).

2