IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM YOUNG SUTHERLAND,

    Plaintiff,   No. 2:09-cv-2391 WBS DAD P

  vs.

S. HERRMANN, et al.,

    Defendants.   ORDER
_____/

    Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. This action was settled on June 11, 2013 and on that day the parties executed a stipulation to dismiss the action with prejudice pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure. (<u>See</u> ECF No. 118.) That stipulation for dismissal was filed with the court on July 17, 2013. (<u>Id</u>.) Pursuant to that stipulation for dismissal the action has been dismissed. On July 18, 2013, plaintiff filed a document styled "Motion for 60 Day Suspension of Settlement to Allow Time for Filing of Motion to Vacate Settlement." (ECF No. 119.)

    Such a dismissal with prejudice is self-executing and does not require approval of the court. <u>Concha v. London</u>, 62 F.3d 1493, 1506 (9th Cir. 1995) ("The dismissal [under Rule 41(a)(1)] is effective on filing and no court order is required . . . . Filing a [stipulation] of voluntary dismissal with the court automatically terminates the action as to the defendants who

1

1 are the subjects of the [stipulation]."); Miller v. Reddin, 422 F.2d 1264, 1266 (9th Cir. 1970); see
2 also DeLeon v. Marcos, 659 F.3d 1276, 1283 (10th Cir. 2011) ("A stipulation of dismissal under
3 Rule 41(a)(1)(A)(i) or (ii) is self-executing and immediately strips the district court of jurisdiction
4 over the merits."); Casida v. Sears Holding Corp., No. 1:11-cv-1052-AWI-JLT, 2013 WL
5 1314051, at *1 (E.D. Cal. Apr. 1, 2013) (the filing of a stipulation for dismissal with prejudice
6 pursuant to Rule 41(a)(1)(A)(ii) terminates the action); Moyer v. Tilton, No. CIV S-03-1350 FCD
7 DAD P, 2011 WL 590602, at *1 (E.D. Cal. Feb. 10, 2011) ("[T]he parties filed a stipulated
8 dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii).  All of the
9 parties signed the stipulation, and the dismissal was effective upon filing without a court order.")

10          Under these authorities, the joint stipulation dismissing this action with prejudice
11 pursuant to Rule 41(a)(1)(A)(ii), signed by plaintiff and counsel for defendants on June 11, 2013
12 and filed with the court on July 17, 2013, was self-executing and automatically terminated this
13 action.  No court order was required. The court has no authority to "suspend" a settlement
14 agreement.  See Glass v. Beer, No. 1:04-cv-5466-OWW-SMS-PC, 2011 WL 1528471, at *2 (E.D.
15 Cal. Apr. 20, 2011) (denying plaintiff's request to withdraw from his voluntary dismissal).
16 Nor will the court set a particular deadline for the filing of any motion to set aside the settlement
17 agreement.

18          For the reasons set forth above, IT IS HEREBY ORDERED that plaintiff's July 18,
19 2013 motion (ECF No. 119) is denied.
20 DATED: July 24, 2013.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:12
suth09cv2391.o

2