UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM YOUNG SUTHERLAND,<br><br>Plaintiff,<br><br>v.<br><br>S. HERMANN, et al.,<br><br>Defendants. | No. 2:09-cv-2391 WBS DAD P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner. He initiated this action in 2009 alleging violations of his civil rights under 42 U.S.C. § 1983. On June 11, 2013, at a court supervised settlement conference, the parties reached a settlement agreement. (Doc. No. 115.) On July 17, 2013, they filed a stipulation of dismissal. (Doc. No. 118.) On July 22, 2013, the court entered notice that, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) and the parties' stipulation, the case was dismissed with prejudice as to all defendants. (Doc. No. 120.) The case was closed that same day. (Id.)

Plaintiff has since filed three motions seeking to vacate the settlement agreement entered into by the parties. (Doc Nos. 123, 125 and 126.) In a fourth motion plaintiff also requests that the settlement be vacated but asks in the alternative for an order requiring defendants to comply with certain terms of the agreement that plaintiff says they have not met. (Doc. No. 130.) As to that alternative relief, the Supreme Court has held that a district court lacks authority to enforce a

1

settlement agreement following dismissal of an action under Federal Rule of Civil Procedure 41(a)(1)(A)(iii) unless the court affirmatively retains jurisdiction over the settlement.  See Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 381-82 (1994).  A court retains jurisdiction by (1) expressly stating in the order of dismissal that the court shall retain jurisdiction or (2) incorporating the terms of the settlement agreement into the dismissal order.  Id.  "Absent such action . . . enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction."  Id. at 382.  See also Johnson v. Gains, Civil No. 09cv1312-LAB (DHB), 2012 WL 2899713 at *1 (S.D. Cal. July 13, 2012).

Neither the parties' stipulation nor the notice of dismissal in this case included any express or implied statement retaining jurisdiction over enforcement of the settlement in this court.  Therefore, any dispute over enforcement of the agreement is a matter for then state court.  This court lacks an independent basis for jurisdiction to enforce the settlement.

However, plaintiff's principal challenge to the settlement appears to be based not on an alleged breach of the agreement but on his mental capacity to enter into it.  Indeed, plaintiff's first three motions seek the relief appropriate to that allegation.  In those motions plaintiff does not request that the terms of the settlement be enforced but rather asks the court to "void the settlement agreement of June 11, 2013 and allow for the Plaintiff ... to move forward with this case[.]"  (Doc. No. 123 at 6; Doc. No. 125 at 6; Doc. No. 126 at 6.)  In that light, the Kokkonen rule against a federal court's ongoing jurisdiction over a finalized settlement agreement does not apply.  "[R]einstatement of an action, which revives the underlying claim and sends the litigants back to the original battlefield, is totally different from the enforcement of the terms of a settlement agreement because one of the parties has not complied with those terms."  Shaffer v. GTE North, Inc., 284 F.3d 500, 503 (3rd Cir .2002) (discussing application of the Kokkonen rule.)  Plaintiff clearly wants his action reinstated despite having entered into a settlement agreement.   Therefore, the court has authority to hear his motions to vacate the settlement and rule on his allegation that he lacked the mental capacity to enter into the settlement agreement on June 11, 2013.

/////

2

The procedural vehicle for considering whether to vacate a settlement agreement and reopen a case is Federal Rule of Civil Procedure 60(b).  See Keeling v. Sheet Metal Workers Intl. Ass'n, Local Union 162, 937 F.2d 408, 410 (9th Cir. 1991); Delay v. Gordon, 475 F.3d 1039, 1045 n.11 (9th Cir. 2007); see also Joe Hand Promotions, Inc. v. Rangee, No. 2:13-cv-0939-MCE-CKD, 2013 WL 6859001 at *3 n.4 (E.D. Cal. Dec. 24, 2013).[1]  Rules 60(b)(1) through (b)(5) list numerous grounds on which a party may obtain relief from a final judgment.  However, none of those grounds is alleged by plaintiff here.  Nonetheless, Rule 60(b)(6) is a catch-all provision that allows a court to vacate a final judgment for "any other reason that justifies relief."  Therefore the court will review plaintiff's argument for vacating the settlement agreement under subsection (b)(6).  "We use Rule 60(b)(6) 'sparingly as an equitable remedy to prevent manifest injustice.'  To receive relief under Rule 60(b)(6), a party must demonstrate 'extraordinary circumstances which prevented or rendered him unable to prosecute his case.'"  Lal v. California, 610 F.3d 518, 524 (9th Cir. 2012) (citations and alteration omitted).

All three of plaintiff's motions to vacate the settlement are identical in alleging that abusive treatment by correctional officers in the days prior to the settlement conference before Magistrate Judge Allison Claire put him in "an extream [sic] depression and in need of his medication and counciling [sic] due to the Plaintiff being bi-polar manic/depressive[.]"  (Doc. No 123 at 5; Doc No. 125 at 5; Doc. No. 126 at 5.)  Plaintiff further alleges that Magistrate Judge Claire was so "gracious" in conducting the settlement conference that he "connected with the Honorable Magistrate Judge and wanted only to keep her happy with him, [which] put the Plaintiff at an extreme disadvantage and unethical situation[.]"  (Id.)  Plaintiff takes pains not to

---

[1] The decision in Kokkonen only negated a federal courts' ability to enforce settlement agreements in the absence of express reservations of jurisdiction to do so.  The Supreme Court in Kokkonen cited the Ninth Circuit's decision in Keeling as an example of federal courts using Rule 60(b)(6) for "re-opening . . . the dismissed suit by reason of breach of the agreement that was the basis for dismissal."  Kokkonen, 511 U.S. at 378.  Nothing in the decision in Kokkonen suggests that the ongoing practice of vacating judgments, as opposed to supervising and enforcing settlement agreements, is invalid.  "Although the circuit courts are 'sharply divided on whether, in the absence of fraud or undue influence, a settlement bars reopening the original controversy,' the Ninth Circuit allows parties to move to vacate a court's prior dismissal under Rule 60(b), rather than limiting the frustrated party to only suing for breach of the settlement agreement."  Rangee, 2013 WL 6859001 at *3 n.4.

fault Magistrate Judge Claire or defense counsel for taking advantage of his supposed mental incapacity at the time of the settlement conference. Indeed, he asserts that they "could not have known of the Plaintiff's diminished capacity." (Id.) Instead, he alleges, "[i]t is due to the actions of the California Department of Corrections that the Plaintiff entered into the settlement agreement with a diminished state of mind" that rendered him "so vulnerable to being coerced into an agreement that he would not have entered into otherwise." (Id.)

The court finds that plaintiff's after-the-fact claim about his diminished mental state on the day he agreed to settle his case is patently frivolous. It appears to the undersigned that plaintiff is not looking back on a temporary mental incapacity to agree to settlement but rather re-considering the settlement he knowingly entered into under a lesser psychological impairment known as buyer's remorse. As noted, plaintiff concedes that no one else involved in the settlement negotiations could have known he was under an incapacitating mental duress, and in the court's view, his demeanor at the settlement conference in fact reflected how he really was: he was doing fine. The court attributes his conciliatory presence on the day of the settlement conference to the fact that it was real. Notably, plaintiff does not say that he complained about his recent mistreatment at the hands of correctional officers to the judge presiding over the settlement conference with whom he states he experienced a "connection." If he was so moved by what he characterizes as the judge's "warm smile" as to want to make her happy with a settlement, he surely could also have confided to her that correctional officers' conduct had left him gravely unsettled. The undersigned can only conclude that plaintiff did not say so at the time of the settlement conference because it was not so. Nothing in the record or in plaintiff's motions plausibly suggests he lacked the capacity to enter into the settlement agreement when he did so at the June 11, 2013 conference.[2]

Here, there are no extraordinary circumstances to justify voiding the settlement agreement and re-opening this case under Rule 60(b)(6). Moreover the court lacks jurisdiction to

---

[2] To the extent plaintiff alleges correctional officers mistreated him in violation of his rights under federal law, relief for that alleged mistreatment, like the suggestion that defendants have breached the settlement agreement, must be sought by plaintiff, if at all, in a separate action.

1  enforcement any term of that settlement agreement that plaintiff now claims have been breached.[3]

2  Plaintiff's motions to vacate the settlement agreement and/or to enforce it should be denied.

3        Accordingly, IT IS RECOMMENDED that the motions to vacate settlement (Doc. Nos.

4  123, 125 and 126) and the motion to vacate the settlement or in the alternative for breach of

5  settlement agreement (Doc. No. 130) be denied.

6        These findings and recommendations are submitted to the United States District Judge

7  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

8  after being served with these findings and recommendations, any party may file written

9  objections with the court and serve a copy on all parties.  Such a document should be captioned

10  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

11  shall be served and filed within fourteen days after service of the objections.  Failure to file

12  objections within the specified time may waive the right to appeal the District Court's order.

13  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir.

14  1991).

15  Dated:  May 7, 2014

17                      DALE A. DROZD
18  hm              UNITED STATES MAGISTRATE JUDGE
   suth2193.f&r

---

[3] It appears that plaintiff agreed to settle this action and dismiss his case in exchange for certain items of unclaimed property at his institution of confinement.  It also appears that he is not claiming that he was not provided the promised items of unclaimed property by defendants, but rather wishes to quibble over whether the items he received match precisely the description given at the time the settlement was reached.

5